IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIUBAL MOYA-CARDERIN, | : |
|     Petitioner | : |
|     v. | : Case No. 3:25-cv-509-KAP |
| DIRECTOR, IMMIGRATION CUSTOMS | : |
| ENFORCEMENT, LEONARD ODDO, | : |
| WARDEN, MOSHANNON VALLEY | : |
| PROCESSING CENTER, DEPARTMENT | : |
| OF HOMELAND SECURITY, | : |
|     Respondents | : |

Report and Recommendation

Recommendation

    Lisa Brady signed a motion to proceed *in forma pauperis* and a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241(c)(3) allegedly on behalf of her boyfriend, Moya-Carderin, a detainee at Moshannon Valley Processing Center. After screening, I deny the motion to proceed *in forma pauperis* because it does not comply with Fed.R.Civ.P. 11(a). Pending further review the Clerk shall administratively close this case (that is not a dismissal) for lack of a filing fee or valid motion to proceed *in forma pauperis*.

    I recommend that the petition be dismissed without service. *See* 28 U.S.C.§ 2243 and Rule 4 of the Rules Governing Section 28 U.S.C.§ 2254 Cases in the United States District Courts (Habeas Rules), applicable to Section 2241 petitions through Habeas Rule 1(b).

Report

    Although 28 U.S.C.§ 1654 would allow Moya-Carderin to appear in federal courts as a petitioner *pro se*, Lisa Brady is not a member of the bar of this court and cannot without an attorney litigate a claim on behalf of another person, even if she qualifies for next friend status. As the Court of Appeals explained in Bush v. Goodall, 732 Fed.Appx. 135, 137 (3d Cir. 2018) lay advocacy even by a naturally interested person such as a parent, spouse, or sibling presents too great a risk of the loss of the other person's legal rights. Next friend standing - with an attorney - is proper where the applicant has a significant relationship with the real party in interest and is dedicated to the best interests of a real party in interest who has some impediment to proceeding *pro se*. *See* Xu on behalf of Chen v. U.S. Immigration & Customs Enforcement, No. 3:24-cv-294, 2025 WL 1640706, at *2 (W.D. Pa. Apr. 21, 2025)(Haines, J., adding that "[i]n any event the Court does not

look favorably upon third-party standing.")

Even if Brady were to qualify for next friend status she still cannot litigate on behalf of petitioner without counsel. A non-attorney cannot represent another party, even if acting as a next friend. Permitting the unauthorized practice of law on the basis of an assertion of next friend status is not something the court can do, and not something the court should try to do because of the potential for an unlimited number of malicious, officious, or inadequate interventions. *See e.g.* Schlemmer v. CIA, 804 Fed.Appx. 127, 128 n.2 (3d Cir. 2020). Although courts generally turn a blind eye to the problem of ghostwriting because it is impossible to prohibit, this Court, faced with an unprecedented number of counseled and *pro se* petitions, cannot afford to ignore the consequences of allowing openly proclaimed ghostwritten pleadings.

One reason courts generally look down on ghostwritten petitions is exemplified in this petition. Because a habeas petition seeks a summary equitable remedy, a habeas petitioner does not have a panoply of discovery tools to search for facts to support a claim. *See* Bracy v. Gramley, 520 U.S. 899, 904 (1997); *see also* Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999)("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence." Therefore, under Habeas Rule 2, the petitioner must set forth not only the claims presented but also **the facts that support those claims**. *See* Mayle v. Felix, 545 U.S. 644, 655 (2005) (quoting with approval the Advisory Committee's Note on Habeas Corpus Rule 4, that "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)). Here, the petition sets out bullet-point legal claims and fails to set forth any facts that would establish those claims. The dismissal of this matter should be without prejudice to Moya-Carderin filing an adequate petition to be considered on the merits when and if appropriate.

Pursuant to 28 U.S.C.§ 636(b)(1), petitioner but not Brady can within fourteen days file written objections to my recommendation. In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: January 14, 2026

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to petitioner and proposed next friend